FILED
MAR 15 2004
LARRY W. PROPES, CLERK
FLORENCE, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CIVIL ACTION NO. 4-04-0803-12

| | |
|---|---|
| Blue Cross/Blue Shield of South Carolina, as Third Party Administrator for the ERISA Plan of Stanley Works, Inc. | ) ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| Roy Hailey and Ruth Hailey And Gary Finklea, Esquire | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

The Plaintiff complaining of the Defendant would respectfully show the Court as follows:

**I.    JURISDICTION**

1.    The Plaintiff is the authorized third party administrator of a group medical plan for Stanley Works, Inc., an employee welfare benefits plan authorized by the Employee Retirement Income Security Act (ERISA).

2.    The Defendants upon information and belief are citizens of the State of South Carolina residing in Florence County, South Carolina. The Defendant Gary Finklea is an attorney practicing law in Florence, South Carolina, with his principal place of business located there.

3.    This is an action by the Plaintiff to enforce a subrogation and reimbursement provision of an ERISA Plan as provided by §29 USC 1132(a)(3)(1994 ed.).

4.    Because of the federal question involved under the Employee Retirement Income Security Act (ERISA) and the doctrine of federal preemption, this Court has exclusive jurisdiction over the parties and subject matter of this action.

## II.    FACTS

5.    Plaintiff realleges each and every allegation set forth herein above as if set forth verbatim.

6.    Defendants Everette Roy Hailey and Ruth Hailey are members and/or recipients of benefits of a group medical benefits ERISA Plan of Stanley Works, Inc. On or about January 18, 2003, they were injured in a motor vehicle collision as a direct and proximate result of which the Plaintiff to date has paid for medical care expenses totaling Twenty-nine Thousand Five Hundred Ninety One and 94/100 ($29,591.94) Dollars for Roy Hailey and Nineteen Thousand Four Hundred Seventy-seven and 94/100 ($19,477.94) Dollars.

7.    The ERISA Plan under which the group health plan benefits were paid for medical expenses in Article IX provided for recovery, subrogation and reimbursement as follows:

> ARTICLE IX-SUBROGATION/RIGHT OF REIMBURSEMENT PROVISION
>
> In the event benefits are provided to or on behalf of a Beneficiary under the terms of this Plan, the Beneficiary agrees, as a condition of receiving benefits under the Plan, to transfer to the Plan all rights to recover damages in full for such benefits when the injury or illness occurs through the act or omission of another person, firm corporation, or organization. The Plan shall be subrogated, at its expense, to the rights of recovery of such Beneficiary against any such liable third party.
>
> If, however, the Beneficiary receives a settlement, judgement, or other payment relating to an injury or illness from another person, firm, corporation, organization or business entity for the injury or illness, the Beneficiary agrees to reimburse the Plan in full, and in first priority, for benefits paid by the Plan relating to the injury or illness. The Plan's right of recovery applies regardless or whether the recovery, or a portion thereof, is specifically designated as payment for, but not limited to, medical benefits, pain and suffering, lost wages, other specified damages, or whether the beneficiary has been made whole or fully compensated f for his/her injuries.
>
> The Plan's right of full recovery may be from the third party, any liability or other insurance covering the third party, the insured's own uninsured motorist insurance, any medical payments (Med-Pay), no fault, personal injury protection (PIP), malpractice, or any other insurance coverages which are paid or payable.
>
> The Plan will not pay attorney's fees, costs, or other expenses associated with a claim or lawsuit without the expressed written authorization of the Plan.
>
> The Beneficiary shall not do anything to hinder the Plan's right of subrogation and/or reimbursement. The Beneficiary shall cooperate with the Plan, execute all documents, and do all things necessary to protect and secure the Plan's right of subrogation and/or

reimbursement, including assert a claim or lawsuit against the third party or any insurance coverages to which the Beneficiary may be entitled. Failure to cooperate with the Plan will entitle the Plan to withhold benefits due the Beneficiary under the Plan Document. Failure to reimburse the Plan as required will entitle the Plan to deny future benefit payments for all Beneficiaries under this policy until the subrogation/reimbursement amount has been paid in full.

8.   The Defendants at all times herein mentioned have had actual and/or constructive knowledge of the Plaintiff's rights of recovery, reimbursement and subrogation under Article IX as aforesaid.

9.   Defendants Roy Hailey and Ruth Hailey have been represented in their personal injury claims arising from the motor vehicle collision on January 18, 2003, by the Defendant Gary Finklea.

10.  Plaintiff is informed and believes that the Defendants have brought claims against the at-fault party who caused the injuries to the Defendants Roy Hailey and Ruth Hailey and have secured recovery of liability insurance and/or underinsured motorist and/or other insurance coverage proceeds that now are in their possession.

### III.   FOR A FIRST CAUSE OF ACTION
### (Constructive Trust)

11.  Plaintiff realleges each and every allegation set forth herein above as if set forth verbatim.

12.  The aforesaid funds recovered from liability insurance, underinsured motorist insurance and/or other coverages comprise a constructive trust held by Defendants within their control. These funds are specifically identifiable as settlement funds which the Plaintiff contends rightfully belong to it as intended beneficiary of the constructive trust.

13.  Plaintiff asserts an equitable action and claim cognizable under §502(a)(3)(b) of ERISA.

14.  Plaintiff has no remedy at law and will be irreparably harmed it the settlement funds or proceeds are disbursed, consumed or wasted by the Defendants. Defendants should be enjoined not to do so and to require them to convey to Plaintiff the settlement funds that constitute the

constructive trust in the total sum of Forty Nine Thousand and Sixty-nine and 88/100 ($49,069.88) Dollars.

### IV.     FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

15. Plaintiff realleges each and every allegation set forth herein above as if set forth verbatim.

16. If the Defendants, or any of them, have spent, wasted or consumed any of the identifiable funds in their possession that constitute the constructive trust to their unjust enrichment, then they should be enjoined and ordered to disgorge their unjust gain over to the Plaintiff.

### V.     For a Third Cause of Action
### (Equitable Lien)

17. Plaintiff realleges each and every allegation set forth herein above as if set forth verbatim.



18. Plaintiff has an equitable lien against the causes of action for injury asserted by the Defendants for the Defendants and to the settlement proceeds received by the Defendants for those injuries.

### VI.     For a Fourth Cause of Action
### (Partial Assignment)

19. Plaintiff realleges each and every allegation set forth herein above as if set forth verbatim.

20, The Defendants Roy Hailey and Ruth Hailey made partial assignments to Plaintiff of their causes of action and rights to recover damages against the person who injured them, and of the resultant proceeds of liability insurance, underinsured motorist coverages and/or other coverages to the extent of the medical benefits paid by Plaintiff for their injuries.

21. The Defendants have actual notice and knowledge of the partial assignment, but wrongly have refused to honor it.

22.     The Court should enforce the partial assignment in equity and order the Defendants to convey the proceeds from the partial assignment as aforesaid to Plaintiff.

### VII.  For a Fifth Cause of Action
### (Accounting)

23.     Plaintiff realleges each and every allegation set forth herein above as if set forth verbatim.

24.     Defendants have in their possessions particular funds to which the Plaintiff is entitled.

25.     The Court should order an accounting of the Defendants to account for the funds received by them of the Plaintiff or on the behalf of the Plaintiff.

26.     WHEREFORE, Plaintiff prays that the Court issue its Order as follows:

    a.     On the First Cause of Action for the Court to enjoin the Defendants from spending, consuming or wasting the corpus of the constructive trust and requiring them to convey and pay over to the Plaintiff the settlement proceeds that constitute the constructive trust, in the total sum of Forty Nine Thousand and Sixty-nine and 88/100 ($49,069.88) Dollars.

    b.     On the Second Cause of Action, if the Defendants, or any of them, have spent, wasted or consumed any of the identifiable funds in their possession that constitute the constructive trust to their unjust enrichment, for the Court to enjoin and order them to disgorge their unjust gain over to the Plaintiff;

    c.     On the Third Cause of Action, for the Court to Order the enforcement of the Plaintiff's equitable lien against the settlement proceeds;

    d.     On the Fourth Cause of Action, for the Court to Order enforcement of the partial assignment of the causes of action for injury of the Defendants Roy Hailey and Ruth Hailey;

e.  On the Fifth Cause of Action, for the Court to Order an accounting of the Defendants to account for the funds received by them of the Plaintiff or on the behalf of the Plaintiff.

f.  For such other and further equitable relief as the Court may fashion, plus costs.

_____
J. Graham Sturgis, Jr., Esquire
184 East Bay Street, Suite 301
P.O. Box 236
Charleston, SC 29402
(843) 937-0800 telephone
(843) 937-0603 facsimile
Federal ID No. 4369
Attorney for Plaintiff

March 10, 2004
Charleston, South Carolina